■ CHARLES A. EWALD et al., Appellants, v EUROPEAN-AMERICAN BANK & TRUST COMPANY et al., Respondents.—In a special proceeding to discharge of record a mortgage given by petitioners as collateral security for their guarantee of a loan made by the European-American Bank & Trust Company to the Charles Wagner Manufacturing Co., Inc., petitioners appeal (1) from an order and judgment (one paper) of the Supreme Court, Nassau County, entered November 1, 1978, which granted a cross motion by the assignee of the mortgage, United Credit Corporation, to dismiss the petition and dismissed the petition, with prejudice, and (2) as limited by their brief, from so much of an order of the same court, dated April 30, 1979, as, on their motion to set aside the order and judgment and for leave to reargue, granted reargument but adhered to its original determination and denied the branch of the motion which sought to set aside the order and judgment. Appeal from the order and judgment dismissed as academic, without costs or disbursements. The order and judgment was superseded by the order granting reargument. Order modified by deleting therefrom everything following the words granting the motion "to the extent indicated below" and substituting therefor a provision that, upon reargument, the order and judgment entered November 1, 1978 is modified by deleting the words "with prejudice" from the second decretal paragraph thereof and substituting therefor the following: "without prejudice to the petitioners pleading the defense of payment of the underlying indebtedness, in whole or in part, in any action which may be brought on the guaranty or any action which may be brought against the mortgaged premises to foreclose the mortgage given to secure their guaranty of the loan made to the Charles Wagner Manufacturing Co., Inc.,". As so modified, order affirmed insofar as appealed from, without costs or disbursements. It appears to be undisputed that the petitioners herein guaranteed a $100,000 loan made by European-American

Bank (EAB) to the Charles Wagner Manufacturing Co., Inc. (hereinafter Wagner), and, as security therefor, executed and delivered to EAB a mortgage on their home in the principal amount of $62,000. The petition in the proceeding asserts in relevant part: "13. Upon information and belief, after the guaranty was delivered to EAB by petitioners, EAB and respondent United [United Credit Corporation] entered into an agreement wherein and whereby the loan agreement, the performance of which was guaranteed by petitioners, was modified, changed and/or assigned. 14. The change, modification and/or assignment in the loan agreement was without the knowledge and consent of petitioners. 15. Petitioners did not guaranty [sic] payment of the loan agreement as changed and modified by EAB and United. 16. Pursuant to said change, modification and/or assignment, EAB wrongfully and without the knowledge and consent of petitioners, assigned to United petitioners' aforesaid mortgage * * * 17. Upon information and belief, after the aforesaid agreement was entered into between United and EAB, United and respondent, C.W. Industries, Inc. on or about April 26, 1977 entered into a new agreement in writing * * * wherein and whereby the loan agreement between EAB and Wagner, the payment of which had been guaranteed by petitioners, was modified in that the amount of the loan was increased and the time of payment thereof was extended. 18. Such new agreement between United and C.W. Industries, Inc. was in substitution for the original loan agreement between EAB and Wagner which had been guaranteed by petitioners. 19. Such new agreement between United and C.W. Industries, Inc. was made without the knowledge and consent of petitioners. 20. Petitioners did not guaranty [sic] [the] payment of any monies to United. 21. By reason of the foregoing facts, petitioners have been discharged and released of their obligation under their contract of guaranty with the respondent EAB as hereinbefore set forth. WHEREFORE, your petitioners pray that an order * * * be made herein requiring all persons interested to show cause why the mortgage * * * should not be discharged of record". Insofar as it appears, EAB "failed to interpose any objection to the petition * * * and [therefore] defaulted in appearing", but its assignee, United Credit Corporation (United), answered and cross-moved to dismiss the petition on the stated grounds that its defense "is founded upon documentary evidence, and [that] the pleading fails to state a cause of action" (see CPLR 3211, subd [a], pars 1, 7). Special Term granted United's cross motion and directed that the petition be dismissed "with prejudice", whereupon an appeal was taken. In our view, the dismissal should have been without prejudice to the petitioners' right to assert their claim as a defense to any action on the guarantee or the subject mortgage. While generally in agreement with the determination of Special Term regarding the effect of the assignment and petitioners' liability thereunder, it is our belief that the papers and documents submitted on United's cross motion do not adequately establish either petitioners' position that the underlying loan has been fully repaid or United's contention that the loan remains unpaid in whole or in part. In this connection, we note that there are significant ambiguities in the documents submitted by United, for while the amount *allegedly* paid by United to EAB for the assignment ($98,015.19) purports to be "established" by two letters from the assignor to the assignee, there has *not* been submitted any documentary or other evidence (e.g., a canceled check) attesting to such payment, nor has any affidavit from an officer in either company been offered in support. In addition, it appears on the present record that United has engaged in a complex web of agreements and transactions regarding the former assets of the corporate debtor.

Wagner (including two foreclosure proceedings), and that the amounts which were or should have been realized by United on these transactions are not at all clear. Thus, it was averred in support of United's cross motion that: "As of April 25, 1977, the outstanding balance on the loan from EAB to Wagner was $98,015.19. A copy of a letter confirming this outstanding balance is annexed hereto as Exhibit 'D'. Since this date, no part of this obligation has been satisfied, and with current interest charges, the obligation exceeds $100,000.00." The affiant, Mr. Hutcher, is a member of the law firm representing United in the instant proceeding and the record fails to reveal any basis which he may have for personally knowing either the amounts which were realized on the prior foreclosure sales or the amount of the loan which remains to be paid. Notably, the cross motion is not supported by any affidavit by an officer of United, much less anyone with personal knowledge of the amounts which have been paid, the amounts realized and the amounts which remain unsatisfied. Accordingly, the right to explore these issues should be preserved for the petitioners in their potential defense of any action which may be brought on the guarantee or in any foreclosure proceeding arising therefrom, and in this connection we note that appellants' brief states that United "has now commenced an action in Supreme Court, Nassau County, to foreclose appellants' $62,000 mortgage." Under such circumstances, rather than ordering a hearing in the instant proceeding, we believe that it would be most expeditious for the various factual issues to be resolved in the context of the pending foreclosure action. Hopkins, J. P., Mangano, Rabin and Gulotta, JJ., concur.